Dear Mrs. Caldwell:
The Jefferson Davis Parish Police Jury requested an opinion of this office regarding the legality of the Jefferson Davis Parish Gravity Drainage District No. 1 Sub. A. ("Drainage District") paying a portion of the cost of replacing a privately owned bridge, on private property, which obstructs a natural drainage canal. You have provided the March 9, 1994 Parish Police Jury resolution requesting an Attorney General's Opinion and I have received additional information from District Attorney Cassidy and Assistant District Attorney William Riley, which includes minutes of the February 1, 1994 Drainage District Board of Directors Meeting. The minutes provide the following:
 . . . the canal where the bridge crossing is has been natural drainage for years, and that [Jefferson Davis Parish Gravity Drainage District] have maintained the canal for a long time. The bridge in question has been there for a long time and the pilings and low structure is causing a problem with hanging up with lilies and alligator grass. We have to hire a tractor hoe to go open it up.
The minutes also provide that the drainage canal runs through private property and that the owner has decided to replace the existing bridge. Apparently, due to drainage improvements in Jefferson Davis Parish, the flow of water through the drainage canal has greatly increased. In order for drainage to flow unobstructed, the bridge needs to be replaced with a "self-supporting, free of pilings, metal bridge." The cost of such a bridge is approximately $5,400.00 more than a bridge using culverts, as proposed by the land owner. It is assumed that a bridge using culverts is not sufficient to allow unobstructed drainage. Based upon these facts, the Drainage District would like to pay approximately $4,000.00 towards the costs of building the new bridge.
The expenditure of public funds is controlled by the provisions of Article VII, Section 14 of the Louisiana Constitution of 1974. This section provides in pertinent part:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the State or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
The Louisiana Supreme Court has interpreted Section 14 (A) of the 1974 constitution as being violated "whenever the State or political subdivision seeks to give up something of value when it is under no legal obligation to do so". City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399
(La. 1983).
Drainage districts have jurisdiction over all public drainage channels within the limits of their area of authority. La. R.S.38:113. It is illegal to obstruct drainage channels in any manner. La. R.S. 38:219 states, in part, as follows:
No person shall:
 (1) Obstruct drainage channels by bridging them except in accordance with plans, specifications and instructions prescribed by the levy or drainage district;
In addition, La. R.S. 38:215 states:
 No person shall willfully obstruct any natural or artificial drainage canal, creek, bayou, or small river, or any public or private drainage.
Pursuant to these statutory provisions, the Drainage District has the right and obligation to require the removal of bridges to ensure that drainage is not obstructed. Previous Attorney General Opinion 82-699 provides that the cost of removal of a private bridge must be incurred by a drainage district if the bridge is legally located across a drainage canal. A legal bridge would be one that was constructed with the advice and consent of the drainage district and does not obstruct drainage of the channel. An illegal bridge would be one that obstructs the public drainage of the channel. The cost of removal of obstructions must be born by the land owner. Terrebonne Parish Police Jury v. Mathern, 405 So.2d 314 (La. 1981). See also Attorney General Opinion 1946-48, p. 384.
Thus, not only does the Drainage District not have an obligation to pay part of the costs of building a bridge over a drainage canal sufficient to ensure proper drainage, the District has the obligation to remove, at the cost of the land owner, a bridge which obstructs such drainage. Additionally, it is the obligation of the land owner to ensure that a bridge built across a drainage canal does not obstruct drainage.
Based upon the above, it is the opinion of this Office that expenditure of funds by the Jefferson Davis Parish Gravity Drainage District No. 1 Sub. A., to help pay the costs of a private bridge designed to not obstruct natural drainage, constructed on private property is prohibited by Article VII, Section 14 (A) of the Louisiana Constitution.
If you require further assistance, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: FREDERICK C. WHITROCK Assistant Attorney General RPI/FCW/mm